IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-36,711-04





EX PARTE JOHN AVALOS ALBA







ON APPLICATION FOR ORIGINAL WRIT OF HABEAS CORPUS


IN CAUSE NO. W219-81215-91 FROM THE 199TH DISTRICT COURT


COLLIN COUNTY





 Per Curiam. Price, J., dissents for the reasons stated in his dissenting statement in
Ex parte Chamberlain. Johnson, J., dissents for the reasons stated in her opinions in Ex
parte Alba and Ex parte Chi. Holcomb, J., dissents. 


ORDER



 We have before us an original application for writ of habeas corpus, a motion for leave to file
that application, and a motion to seal the application and accompanying exhibits. Applicant asserts
his execution will violate his Eighth Amendment right against cruel and unusual punishment.

 Applicant was convicted of capital murder in May 1992 and sentenced to death. This Court
affirmed the conviction and sentence on direct appeal. Alba v. State, 905 S.W.2d 581 (Tex. Crim.
App. 1995). Pursuant to Article 11.071, on April 8, 1997, applicant filed in the trial court his initial
application for writ of habeas corpus. We denied relief. Ex parte Alba, No. WR-36,711-01 (Tex.
Crim. App. Apr. 15, 1998)(not designated for publication). Applicant's sentence was later vacated
by the United States Court of Appeals for the Fifth Circuit. Alba v. Johnson, 232 F.3d 308 (5th Cir.
2000). At the conclusion of applicant's second trial on punishment, applicant was sentenced to
death. On appeal, this Court affirmed the judgment. Alba v. State, No. AP-71,487 (Tex. Crim. App.
Apr. 16, 2003)(not designated for publication). Pursuant to Article 11.071, on February 14, 2003,
applicant filed in the trial court his initial application for writ of habeas corpus pertaining to his new
punishment trial. We denied relief. Ex parte Alba, No. WR-36,711-02 (Tex. Crim. App. Oct. 15,
2003)(not designated for publication). On July 24, 2006, we received applicant's first subsequent
writ in which applicant asserted that the execution protocol used in Texas would violate his Eighth
Amendment right prohibiting the infliction of cruel and unusual punishment. We filed and set the
case but ultimately dismissed it holding that such a claim was not cognizable under Article 11.071. 
Ex parte Alba, S.W.3d , No. AP-75,510 (Tex. Crim. App. June 9, 2008).

 On July 14, 2008, applicant moved this Court for leave to file this original application for
writ of habeas corpus. Applicant also requested that we file the actual application and accompanying
exhibits under seal. We have considered his request, and we shall seal his application and
accompanying exhibits. Leave to file the application is denied. 

 IT IS SO ORDERED THIS THE 24TH DAY OF SEPTEMBER, 2008.

Do Not Publish